CONTACT # 671-688-1849
P.O. BOX 8546
AGAT, GUAM 92968
SOUTH CAROLINA
843-812-1288

FILED
DISTRICT COURT OF GUAM
DEC 05 2002
MARY L. M. MORAN
CLERK OF COURT

# ANSWER TO COMPLAINT FOR CIVIL CASE #0200028

## PRESENTED BY DEFENDANT JAMES F. GRIFFITH, DDS

1. No contest

2. DEFENDANT is not a legal resident of Guam district; therefore jurisdiction is moot.

3. Defendant Griffith is not a resident of Guam. He does not qualify by any of the prevailing requirements. He is a *bona fide* legal resident of Beaufort County, South Carolina. He has been transiently visiting Guam off and on since last October attempting to acquire licensure in dentistry. His real and legal residency: Beaufort County, South Carolina. His mailing address is PO. Box 656, St. Helena Island, SC 29220; his physical address is 404 Seaside Drive, St. Helena, SC 29220..

4. No contest

5. Under conditions of the said Contract and clarified in Personnel Order Number 9137.033. "ACCESSION BONUS PAY AUTHORIZATION, EFF: 02-15-99. "If the officer should be voluntarily released from active duty prior to the expiration of this contract, ..." (See Defendant Exhibit A). This Personnel Order clearly demonstrates that involuntary release of said officer is an exemption. Dr. Griffith did not voluntarily procure release from service, but was summarily dismissed, involuntarily without charge, due process, or any demonstrated cause.

6. Defendant did not fail to serve. The USPHS exercised its right to dismiss. See Contract and Personnel Order Number 9137.033.

7. More complex than stated here. See original Contract and Personnel Order Number 9137.033. Which was issued to clarify both parties' responsibilities.

8. Defendant incorporates herein the answers to all allegations.

9. Under conditions of the said contract and clarified in Personnel Order Number 0069.059 "ADDITIONAL SPECIAL PAY

ORIGINAL

AUTHORIZATION" EFF: 02-15-99. Clearly demonstrates that termination of the contract must be either voluntary on the part of the officer or the result of violation of rules or regulations of the USPHS (See Defendant Exhibit B.) This Personnel Order clearly demonstrates that involuntary release of said officer is an exemption. Dr. Griffith did not voluntarily procure release from service, but was summarily dismissed involuntarily without charge, due process, or any demonstrated cause. Subsequently, Dr. Griffith was released by the USPHS with an honorable discharge.

10. Defendant did not fail to serve. The USPHS chose to dismiss. See Contract and Personnel Order Number 9137.033.

11. Dr. Griffith did not fail to serve. The USPHS failed to utilize a fully qualified, contracted recruit who performed according to all the standards of the employment contract..

12. No contest.

13. At no time has Dr. Griffith neglected this issue. Previously the USPHS and YKHC were defendants in a state civil action over this very issue. Since then (See Defendant Exhibit C) This action has been removed to federal court. This previous action supercedes this complaint and Dr. Griffith maintains that not only is he not responsible for the claimed indebtedness, but that he is entitled to reimbursements for travel and relocation and damages for libel, slander, mental and emotional distress, damaged good name and reputation, loss of prospective beneficial economic opportunities, and loss of right to pursue a chosen career.

14). Griffith maintains that this attempt to force decision on this issue prior to resolution of the existing federal civil complaint, in a jurisdiction where the defendant neither resides or maintains proper resources or representation for such action.

15) Defendant request immediate dismissal of the complaint based on the above facts and exhibits and any complaints forwarded to federal court in Alaska where the state suit has been removed.

*JAMES Griffith* (signature)

PERSONNEL ORDER NUMBER 9137.033                  05-17-99
ACCESSION BONUS PAY AUTHORIZATION     EFF: 02-15-99     NOA: 8965

GRIFFITH, JAMES F.                    PHS#: 66511
IHS, ANIAK HEALTH CENTER             SSAN: 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

ANIAK       AK 99557

PERM GRADE: O-4 (LT COMMANDER) DENTAL SURGEON
CATEGORY: DENTAL                CORPS: RESERVE ACTIVE

IHS, ALASKA NATIVE HEALTH AREA OFFICE, IPA PROVIDER GRP

CAN(PAY): 9J597568

PURSUANT TO THE PROVISIONS OF 37 US CODE SEC 302H, OFFICER IS AUTHORIZED
A FOUR YEAR ACCESSION BONUS CONTRACT IN THE AMOUNT OF $30,000.
IF THE OFFICER SHOULD BE VOLUNTARILY RELEASED FROM ACTIVE DUTY PRIOR TO
THE EXPIRATION OF THIS CONTRACT, (1) PAYBACK TERMS SPECIFIED IN SECT C
OF THE ACCESSION BONUS CONTRACT SHALL APPLY AND (2) THE OFFICER HAS
AGREED TO BE DIVESTED OF TRAVEL AND TRANSPORTATION ALLOWANCES, SHIPMENT
OF HOUSEHOLD GOODS AND THE TRANSFER OF OR PAYMENT FOR ANY UNUSED ANNUAL
LEAVE TO HIS/HER CREDIT.

OFFICIAL *Richard M. Tapper*      BY DIRECTION OF THE SURGEON GENERAL

ACTING DIRECTOR
  DIVISION OF COMMISSIONED PERSONNEL

IHS Exhibit A

DEPARTMENT OF HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
5600 FISHERS LANE, ROCKVILLE, MD., 20857

```
PERSONNEL ORDER NUMBER 0069.059                              03-09-00
ADDITIONAL SPECIAL PAY AUTHORIZATION    EFF: 02-15-00    NOA: 8944

GRIFFITH, JAMES F.                       PHS#: 66511
IHS, ANIAK HEALTH CENTER                 SSAN: 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

ANIAK          AK 99557

PERM GRADE: O-4 (LT COMMANDER) DENTAL SURGEON
CATEGORY: DENTAL                  CORPS: RESERVE ACTIVE


IHS, ALASKA NATIVE HEALTH AREA OFFICE, IPA PROVIDER GRP

CAN(PAY): 0J59YKHC

PURSUANT TO THE PROVISIONS OF 37 U.S. CODE, SEC. 302(B), OFFICER IS
AUTHORIZED ADDITIONAL SPECIAL PAY (ASP) IN THE AMOUNT OF $4000.
FOR THE 1ST YEAR OF A 1 YEAR CONTRACT, PAYMENT EFFECTIVE 02-15-00.
IF THE OFFICER SHOULD VOLUNTARILY BE RELEASED FROM ACTIVE DUTY PRIOR TO
THE EXPIRATION OF THIS CONTRACT, (1) PAYBACK TERMS SPECIFIED IN
SECTION C OF THE ASP CONTRACT SHALL APPLY AND (2) THE OFFICER HAS
AGREED TO BE DIVESTED OF TRAVEL AND TRANSPORTATION ALLOWANCES, SHIPMENT
OF HOUSEHOLD GOODS, AND THE TRANSFER OF OR PAYMENT FOR ANY UNUSED ANNUAL
LEAVE TO HIS/HER CREDIT UPON RELEASE FROM ACTIVE DUTY.

INITIAL CONTRACT AUTHORIZED: 02-15-00

CSED: 02-15-99



       OFFICIAL  /s/ Michael Davidson   BY DIRECTION OF THE SURGEON GENERAL


DIRECTOR
  DIVISION OF COMMISSIONED PERSONNEL
```

Def Exhibit B

ROBERT C. BUNDY
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
(907) 271-5071

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JAMES GRIFFITH, D.D.S., ) | |
| ) | Case No. 4BE-01-38 CI |
| Plaintiff, ) | |
| ) | **NOTICE OF FILING REMOVAL** |
| vs. ) | **OF A CIVIL ACTION** |
| ) | |
| YUKON KUSKOWKWIM HEALTH CORP., ) | |
| ) | |
| Defendant. ) | |

Please take notice that on _February 16, 2001_, the United States of America, through counsel, filed in the office of the Clerk of the United States District Court for the District of Alaska, its Notice of Removal of the above-captioned action. A copy of said Notice is attached to this Notice.

Respectfully submitted this _16th_ day of February, 2001.

ROBERT C. BUNDY
United States Attorney

*Richard L. Pomeroy*

RICHARD L. POMEROY
Assistant U.S. Attorney

*See Exhibit C*

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel via:

    (X) U.S. Mail
    ( ) Certified U.S. Mail
    ( ) FAX
    ( ) Hand Delivery

Patrick M. Anderson, Esquire
Law Offices of Hedland, Brennan,
  Heideman & Cooke
1227 West Ninth Avenue, Suite 300
Anchorage, AK 99501-3218

Stephen H. Hutchings, Esquire
Birch, Horton, Bittner & Cherot
1127 West Seventh Avenue
Anchorage, AK 99501-3563

Executed at Anchorage, Alaska, on February 16, 2001.

_____
Office of the U.S. Attorney

2

ROBERT C. BUNDY
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES GRIFFITH, D.D.S., ) | Case No. F01-0004 CV (HRH) |
| Plaintiff, ) | |
| ) | **NOTICE OF REMOVAL** |
| vs. ) | |
| YUKON KUSKOWKWIM HEALTH CORP., ) | |
| Defendant. ) | |

NOW COMES, the Defendant, through counsel, and gives notice to this Court of the removal of this action from state court. The notice is based on the following:

1. The Plaintiff filed his complaint against the Defendant in the Superior Court for the States of Alaska at Bethel. In Plaintiff's complaint, he alleges that the Defendant committed certain torts and breached certain contractual rights. As to the tort claims, Robert C. Bundy, United States Attorney for the District of Alaska, has certified that the above-named Defendant was carrying out a compact agreement with

I declare under penalty of perjury that a true and
correct copy of the foregoing was sent to the
following counsel via:

    (X) U.S. Mail
    ( ) Certified U.S. Mail
    ( ) FAX
    ( ) Hand Delivery

Patrick M. Anderson, Esquire
Law Offices of Hedland, Brennan,
  Heideman & Cooke
1227 West Ninth Avenue, Suite 300
Anchorage, AK 99501-3218

Stephen H. Hutchings, Esquire
Birch, Horton, Bittner & Cherot
1127 West Seventh Avenue
Anchorage, AK 99501-3563

Executed at Anchorage, Alaska, on February 16, 2001.

*/s/ Linda S. Wilhelm*
Office of the U.S. Attorney

3

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JAMES GRIFFITH, DDS )
)
Plaintiff, )
)
v. )
)
YUKON KUSKOWKWIM HEALTH )
CORPORATION, )
)
Defendant. )

Case No. 4BE-01-38 CI

### COMPLAINT FOR DAMAGES

COMES NOW the plaintiff, James Griffith, DDS, by and through his attorneys, Hedland, Brennan, Heideman & Cooke, PC, and for his cause of action against defendant Yukon-Kuskokwin Health Corporation (YKHC), alleges as follows:

1. James Griffith seeks compensatory, declaratory, punitive and other appropriate relief for damages suffered by plaintiff as the result of his wrongful discharge from his position as a Dentist for YKHC based in Aniak, Alaska..

2. At all times relevant to this action, plaintiff has been a resident of Aniak, Alaska, located in the Fourth Judicial District, State of Alaska.

3. At all times relevant to this action, defendant YKHC was and is a not for profit corporation, incorporated and acting under the authority granted it by Alaska Statutes, Title 10.20 et seq, and located within the Fourth Judicial District with its headquarters at Bethel, Alaska.

4. The term of plaintiff's hiring by YKHC was for a term of two years ending on or about April 16, 2001.

COMPLAINT                                                                                        PAGE 1 OF 7

5. Venue in this action is proper in the Fourth Judicial District at Aniak.

## ALLEGATIONS COMMON TO ALL COUNTS

6. On or about February 15, 1999, plaintiff enlisted in the United States Public Health Service, Commissioned Officer's Corp ("Corp"), as a Dentist.

7. On or about April 26, 1999, plaintiff assumed duties with YKHC in Aniak, Alaska, for a two year tour of duty. Plaintiff received benefits for moving to this new station, his household items were stored at his home station in West Virginia, and he was enrolled for a 4 year incentive bonus of $30,000 which he was to receive in full if he completed all four years of service.

8. Plaintiff fulfilled each and every task and responsibility assigned to him by YKHC, and was at all times relevant to this action an employee of the Corp and the YKHC.

9. During his tenure as a dentist with YKHC plaintiff followed and/or implemented the policies and procedures required of the Corp for community dentistry, and in addition established dental clinic policies and procedures utilizing dentistry best practices, which helped him provide high quality dental care for the patients of YKHC.

10. On or about April 14, 2000, plaintiff received a letter from his immediate supervisor, Sue Hoeldt, expressing concern over certain patient complaints. In that letter, Ms. Hoeldt also stated that plaintiff was providing dental care to YKHC patients "of the highest quality."

11. On or about April 27, 2000, plaintiff was issued a letter of reprimand, ostensibly issued by Dr. Robert Allen, but upon information and belief issued at the behest of YKHC management.

12. The letter of reprimand contained a number of references to patient complaints which were not then investigated for truthfulness, and which have not been investigated for truthfulness to this date. The Corp and YKHC representatives wrongly assumed the truthfulness of the complaints made.

13. On or about May 3, 2000, plaintiff filed a notice of grievance stating his disagreement with the letter of reprimand referencing the unsubstantiated patient complaints made.

14. On or about May 10, 2000, plaintiff was relieved of his duties while his notice of grievance was being reviewed.

15. On or about June 20, 2000, plaintiff's grievance was rejected without investigation of the allegations made.

16. On or about June 27, 2000, plaintiff was terminated from both his position at the Aniak Dental clinic and from his commission with the Corp.

17. Suit is brought and jurisdiction lies pursuant to AS 09.05.015(a)(1)(C) and AS 09.10.053 and AS 09.10.070.

18. Defendant YKHC is capable of being sued either under AS 10.06.025 or AS 10.20.011.

19. The unlawful employment practices alleged herein were committed within the Fourth Judicial District of the State of Alaska.

## COUNT ONE – WRONGFUL TERMINATION

20. Plaintiff realleges and incorporates by reference paragraphs one through nineteen of this complaint as though they were set out in full.

21. The termination by defendant YKHC of plaintiff from his position as a dentist in its Aniak clinic prior to the end of the agreement date of April 16, 2001 was wrongful, without cause and denied plaintiff due process under the contract.

HEDLAND, BRENNAN, HEIDEMAN & COOKE
A PROFESSIONAL CORPORATION
1227 WEST NINTH AVENUE, SUITE 300
ANCHORAGE, ALASKA 99501-3218
(907) 272-5528

22. Plaintiff has suffered a loss of his good reputation, and has and will continue to lose earnings and benefits, entitling him to an award of damages in an amount in excess of $100,000.00, which amount will be more specifically proven at trial.

## COUNT TWO - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff realleges and incorporates by reference paragraphs one through twenty two of this complaint as though they were set out in full.

24. YKHC, through its agents, Sue Hoeldt and Dr. Robert Allen, Dental Director of the YKHC Dental Clinic, intentionally invoked discriminatory and unfair treatment of plaintiff, with full knowledge, at the request of various YKHC board members, officers and/or staff.

25. YKHC knew that their conduct, as described above, would cause emotional distress to plaintiff, and were so careless as to violate its duty of due care owed to plaintiff.

## COUNT THREE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff realleges and incorporates by reference paragraphs one through twenty five of this complaint as though they were set out in full.

27. YKHC, through its agents, Sue Hoeldt and Dr. Robert Allen, Dental Director of the YKHC Dental Clinic, negligently invoked discriminatory and unfair treatment of plaintiff, with full knowledge, at the request of various YKHC board members, officers and/or staff.

28. Defendant's realized, or should have realized, that their conduct, as described above, involved an unreasonable risk of causing emotional distress to plaintiff, and were so careless as to violate its duty of due care owed to plaintiff.

COMPLAINT                                                      PAGE 4 OF 7

## COUNT FOUR - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

29. Plaintiff realleges and incorporates by reference paragraphs one through twenty eight of this complaint as though they were set out in full.

30. Plaintiff's employment with the defendant also included an implied covenant of good faith and fair dealing. This implied covenant has been breached by the defendant.

31. Defendants have intentionally and maliciously breached their duty and their implied covenant of good faith and fair dealing, and subjected plaintiff to oppression and cruel and unjust hardship in conscious disregard of plaintiff's rights by committing the acts alleged. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

## COUNT FIVE
## NEGLIGENT REPRIMAND CLAIM

32. Plaintiff realleges and incorporates by reference paragraphs one through thirty two of this complaint as though they were set out in full.

33. In preparation of the reprimand letter give to plaintiff dated April 27, 2000, defendant was under a duty to investigate allegations prior to issuing reprimands based on mere allegations.

34. Defendant failed to exercise ordinary care, skill and reasonable diligence in issuing the reprimand letter by its failure to properly investigate the allegations upon which the letter was based and failure to use caution for the detrimental consequences upon plaintiff and his career options.

35. Defendants failure to exercise ordinary care, skill and reasonable diligence in issuing the reprimand letter caused plaintiff mental and emotional distress, loss of earnings and earnings capacity, damaged his good name and

COMPLAINT                                                                PAGE 5 OF 7

reputation, led to loss of prospective beneficial economic opportunities and loss of his right to pursue his chosen career.

## COUNT FIVE
## LIBEL AND SLANDER CLAIM

36. Plaintiff realleges and incorporates by reference paragraphs one through thirty five of this complaint as though they were set out in full.

37. Defendants knowingly, intentionally and maliciously made false and defamatory statements against plaintiff by wrongfully accusing him of abuse of patients without investigation and without personal knowledge.

38. Defendants false and defamatory statements caused plaintiff mental and emotional distress, loss of earnings and earnings capacity, damaged his good name and reputation, led to loss of prospective beneficial economic opportunities and loss of his right to pursue his chosen career, and subjected plaintiff to oppression and cruel and unjust hardship in conscious disregard of plaintiff's rights by committing the acts alleged. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against the defendants as follows:

1. For compensatory damages in an amount to be proven at trial, but in any event no less than $100,000.00;

2. For an award of punitive damages in an amount to be determined at trial;

3. For an award of prejudgment and postjudgment interest at the highest rate allowed by law;

4. For an award of reasonable attorneys fees and full reasonable costs;

COMPLAINT PAGE 6 OF 7

5. For such other and further relief as this court deems just and equitable;

DATED this 26th day of January, 2001.

Law Offices of
HEDLAND, BRENNAN, HEIDEMAN
& COOKE
Attorney for Plaintiff

By: *Patrick M. Anderson*
Patrick M. Anderson
Alaska Bar No. 7811075

LAW OFFICES
HEDLAND, BRENNAN, HEIDEMAN & COOKE
A PROFESSIONAL CORPORATION
1227 WEST NINTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-3218
(907) 279-5528

COMPLAINT PAGE 7 OF 7

# IN THE ___SUPERIOR___ COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT, AT ANCHORAGE

JAMES GRIFFIN, DDS.,  )
)
)  **RETURN OF SERVICE**
)
Plaintiff(s),  )
)  Case Number __4BE-01-38 CI__
)
vs  )
YUKON KUSKOKWIM HEALTH  )  **Anchorage & Matsu Process Service**
CORPORATION,  )
Defendant(s),  )  Wasilla Office:    Steve Arturo    Fairbanks Office:
)  (907) 376-4886    P.O. Box 212041    (907) 457-3211
                                                 Anchorage, AK 99521
                                                 (907) 258-3211

I hereby certify and return that I served the annexed:

SUMMONS; COMPLAINT: ~~DEMAND~~ Demand FOR JURY TRIAL.

on the therein named __YUKON KUSKOKWIM HEALTH CORP.__

by handing to and leaving a true and correct copy thereof with __STEPHEN HUTCHINGS, REGISTERED AGENT.__

at __1127 W. 7TH AVE__, __ANCHORAGE__, Alaska

at __10:15__ o'clock __A__ m, on the __6__ day of __FEBRUARY__, 20__01__.

_____
Process Server/Steve Arturo

Subscribed and sworn to before me this __9__ day of __FEBRUARY__, 20__01__.

_____
Notary Public in and for Alaska

My commission expires: __9/06/01__

**Attorney:** __HEDLAND BRENNAN__

**Service Fee:** __35.00__

**Mileage:** __10.00__

**Endeavor:** _____

**Total:** __45.00__

Document Returned
☒ Due to incorrect or no case #
☐ Per Civil Rule 5
☐ Other 4BE - BETHEL COURT
Correct # is 4BE-01-38 CI
Date Corrected 02-26-01

File: __3345__    Our:# _____

## AUTHENTICATION FORM FOR ALASKA COURT RECORDS

BY_____ DEPUTY

### ATTESTATION OF CLERK

I, Carol F. Atkins, clerk of the Superior Court at Bethel, Alaska, do hereby certify that the paper(s) attached to this certificate and listed below are true and correct copy(s) of the original document(s) on file in my office:

James Griffith, D.D.S. vs. Yukon-Kuskokwim Health Corporation, case number 4BE-01-038 CI.

Complaint For Damages filed 01/30/01
Demand For Jury Trial filed 01/30/01
Summons filed 01/30/01
Entry of Appearance filed 01/30/01

(SEAL)

Witness my hand and seal of this court.

_Carol F. Atkins_  2/08/01
Clerk                              Date

### CERTIFICATE OF JUDGE

I, Dale O. Curda, judge of the Superior Court at Bethel, Alaska, do hereby certify that Carol F. Atkins is now, and was at the time of signing and sealing the above attestation, the clerk of the Superior Court at Bethel, Alaska, and that his/her attestation is in proper form.

_Dale O. Curda_  2/28/2001
Judge                              Date

JAMES GRIFFITH, D.D.S., )
)
    Plaintiff, )
)
vs. )
) Case No. 4BE-01-038 CI
YUKON-KUSKOKWIM HEALTH )
CORPORATION, )
)
    Defendant. )
)

## ENTRY OF APPEARANCE

BIRCH, HORTON, BITTNER and CHEROT, 1127 W. Seventh Avenue, Anchorage, Alaska, 99501, hereby enters its appearance in the above-captioned case on behalf of the Defendant, the Yukon-Kuskokwim Health Corporation, and requests that copies of all pleadings and correspondence pertaining to the above-named case be directed to Max D. Garner.

DATED this 4th day of February, 2001.

BIRCH, HORTON, BITTNER and CHEROT
Attorneys for Defendant

By: _____
Max D. Garner, ABA #9011096

GRIFFITH vs. YUKON-KUSKOKWIM HEALTH CORP.  
ENTRY OF APPEARANCE  
F:\503169\35\TKM6893.WPD  
CASE NO. 4BE-01-038 CI  
PAGE 1 OF 2

Case 1:02-cv-00028 Document 5 Filed 12/05/2002 Page 18 of 20

BIRCH, HORTON, BITTNER AND CHEROT
Attorneys At Law
1127 West Seventh Avenue
Anchorage, Alaska 99501-3399
Telephone (907) 276-1550 • Facsimile (907) 276-3680

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of February, 2001, a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on the following:

Mr. Patrick M. Anderson
Hedland, Brennan, Heideman & Cooke
1227 W. Ninth Avenue, #300
Anchorage, AK 99501-3218

BIRCH, HORTON, BITTNER and CHEROT

By: *Martha K. Marshall*

BIRCH, HORTON, BITTNER AND CHEROT
Attorneys At Law
1127 West Seventh Avenue
Anchorage, Alaska 99501-3399
Telephone (907) 276-1550 • Facsimile (907) 276-3680

GRIFFITH vs. YUKON-KUSKOKWIM HEALTH CORP.
ENTRY OF APPEARANCE
F:\503169\35\TKM6893.WPD

CASE NO. 4BE-01-038 CI
PAGE 2 OF 2

Case 1:02-cv-00028   Document 5   Filed 12/05/2002   Page 19 of 20

HEDLAND, BRENNAN, HEIDEMAN & COOKE
A PROFESSIONAL CORPORATION
1227 WEST NINTH AVENUE, SUITE 300
ANCHORAGE, ALASKA 99501-3218
(907) 279-5528

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JAMES GRIFFITH, DDS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YUKON KUSKOWKWIM HEALTH )<br>CORPORATION, )<br>)<br>Defendant. ) | |

Case No. 4BE-01-____ CI

## DEMAND FOR JURY TRIAL

COMES NOW plaintiff James Griffith, DDS, by and through counsel, and demands a trial by jury, pursuant to Alaska Civil Rule 38, on all issues so triable in this action.

DATED at Anchorage, Alaska this 26th day of January, 2001.

Law Offices of
HEDLAND, BRENNAN, HEIDEMAN
& COOKE
Attorney for Plaintiff

By: *Patrick M. Anderson*
Patrick M. Anderson
Alaska Bar No. 7811075