**FILED**
DISTRICT COURT OF GUAM
JUL 1 4 2003
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Case No. 02-00028 |
| Plaintiff, | |
| vs. | |
| JAMES F. GRIFFITH, D.D.S., | ORDER |
| Defendant. | |

This matter is before the Court on the Defendant's, James F. Griffith, D.D.S., Motion to Change Venue. The defendant argues that defending this action in Guam imposes a severe hardship on him because he resides and works in Beaufort, South Carolina. Therefore, he requests the Court to change the venue of this action. The Court has reviewed the parties' submissions, as well as relevant caselaw and authority. For the reasons discussed herein, the Court hereby defers ruling on the defendants' motion until the defendant supplements the record.

## I. BACKGROUND

This is a collection case filed by the plaintiff on behalf of its agency, the U.S. Department of Health and Human Services, against the defendant. The defendant was a former officer in the Commissioned Corps of the Public Health Service ("PHS") and was stationed in Alaska. The plaintiff seeks a refund from the defendant for the payment of wages for services that were not

provided. The plaintiff filed this action while the defendant was employed on Guam and subject to personal jurisdiction.

## II. ANALYSIS

The defendant now seeks a change of venue because he allegedly resides and works in South Carolina. He states that defending this action in Guam would impose a severe hardship. Title 28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) reflects a desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice.

The decision to transfer an action pursuant to 28 U.S.C. § 1404(a) is a decision left to the sound discretion of the trial court. United States Aluminum Corp. v. Kawneer Co., Inc., 694 F.2d 193, 195 (9th Cir.1982). The propriety of transfer obviously depends upon the particular circumstances of each case. Commodity Futures Trading Comm. v. Savage, 611 F.2d 270, 279 (9th Cir.1979). The Court in Continental Grain Co. v. Barge F.B.L.--585, 364 U.S. 19, 26, 27 (1960), recognized that the purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. To this end it empowers a district court to transfer any civil action to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice.

In this instance, the Court is not opposed to granting the defendant's motion given that this appears to be a straightforward collection case and all of the operative facts take place in Alaska. Moreover, there presumably are no witnesses on Guam that will provide testimony, or any indication that the defendant has continuing connections with this jurisdiction. However, beyond self-serving statements that the defendant resides and works in South Carolina, the defendant has failed to provide this Court with any supporting evidence. The moving party bears the burden of proof to show why the forum should be changed. Id.

Therefore, the Court will defer ruling on this matter until the defendant is given an

opportunity to provide this Court with supporting documentation as to where he resides and works. The defendant is given until August 8, 2003 to file the appropriate documents. Thereafter, the Court will issue its decision.

    SO ORDERED this 11th day of July, 2003.

                                      JOHN S. UNPINGCO
                                      District Judge